<hr />

[No. 5000.   Decided January 17, 1905.]

ANNIE BETTINGER, *Appellant,* v. MICHAEL C. SCULLY, *Respondent.*[1]

PRINCIPAL AND SURETY—JOINT NOTE—CLAIM THAT JOINT MAKER WAS SURETY ONLY—EVIDENCE—SUFFICIENCY—NONSUIT. In an action by the assignee of a joint maker of a note claimed to be a surety only and who paid the note in full, to recover of the comaker, S, the amount so paid, there is no sufficient evidence of the suretyship to warrant a recovery where it merely appears that S received the money on depositing the note in a bank and that the plaintiff's assignor paid the note, especially after the lapse of twelve years after the transaction, and the death of plaintiff's assignor.

Appeal from a judgment of the superior court for King county, Albertson, J., entered October 20, 1903, upon findings in favor of the defendant, dismissing on the merits an action on a promissory note paid by one of the two joint makers, after a trial before the court without a jury. Affirmed.

*Jno. G. Gray* and *Byers & Byers,* for appellant.
*Roberts & Leehey* and *E. P. Moran,* for respondent.

FULLERTON, J.—The appellant instituted this action to recover upon a promissory note, alleging, substantially, that the note in question was executed by the appellant and her husband, George Bettinger, as joint makers, to

[1]Reported in 79 Pac. 203.

the Park City Bank, but that in fact her husband was only surety thereon; that her husband afterwards paid the note in full to one D. C. McLaughlin, who had been appointed by the court receiver of the bank; that the receiver thereupon assigned the note to her husband, who subsequently assigned it to her. Demand and nonpayment were alleged; also, facts tending to avoid the statute of limitation, as otherwise the note appeared to be barred on its face. The answer put in issue the main allegations of the complaint, and affirmatively plead the statute of limitations and payment; the affirmative matter was put in issue by a reply. The cause was tried before the court without a jury, resulting in a judgment for the respondent.

Counsel discuss at some length the question whether the appellant has a cause of action upon the note itself, or upon the implied promise of the principal to repay the amount which the surety was compelled to pay to take up the note, but this question, if it can be said to be properly raised by the record, we have found unnecessary to determine. The trial court found that the evidence did not justify a recovery, even if it be conceded that the appellant's contention is the correct one, and we think the conclusion the only one that can be drawn from the evidence. Bettinger is dead, and the respondent, Scully, was not permitted to testify. The copy of the note, set out in the record — the original was accidentally destroyed—shows it to have been a joint note, not even joint and several. The evidence shows that Scully took this note to the bank, and took credit in his deposit account with the bank for its entire proceeds, and that Bettinger afterwards paid the note out of his own funds to the bank. This is, in substance, the whole of the testimony.

To our minds it falls far short of proving that Bettinger was a mere surety on the note, or that he paid any obligation, when he paid it, that should have been paid by the respondent. While it may be true that the nature of the transaction gives color to the idea of principal and surety, it will not do to rely too much on the natural order of things, or the presumptions that arise therefrom, especially, as in this case, when nearly a dozen years have elapsed since the transactions occurred. Men do business in multifarious ways, and the real transaction is oftentimes different from what might be inferred from the mere written evidence. For example, in this case it may be that Bettinger owed the respondent the money represented by the note, and was but paying his own debt when he paid it; or it may be that the parties were engaged in a joint enterprise, and the note was what on its face it purported to be, a joint note; or it may be that it was, as the appellant contends it to be, the note of Scully; either idea is not inconsistent with the proofs, while only the latter would permit a recovery in full, and the first would defeat recovery altogether. The proofs, to warrant a recovery, must be reasonably definite and certain, and they are not so here. The judgment is affirmed.

MOUNT, C. J., and DUNBAR and HADLEY, JJ., concur.